## Cohen et ux. v. Seidman et ux.

*E. B. Rosenberg*, for plaintiffs.

*J. Brandschain*, for defendants.

SMITH, P. J., April 3, 1948.—This matter comes before the court on defendants' preliminary objections to plaintiffs' complaint in trespass.

The complaint avers that on October 13, 1946, defendants were the registered owners of premises 4828 Old York Road, Philadelphia; that at the time of defendants' acquisition of the said premises, plaintiffs were tenants of the second floor at a rental of $37.50 per month where they continued as tenants until their eviction by defendants on September 30, 1947; that on December 23, 1946, defendants filed with the Office of Price Administration a petition requesting the eviction of said plaintiffs as tenants predicated upon the allegation that possession was for the sole occupancy of defendants; that on December 27, 1947, the Office of Price Administration issued to said defendants a certificate authorizing defendants to evict said plaintiffs from the said premises on or about four months from the date of the issuance of the said certificate for the purpose of sole occupancy by said defendants; that on March 22, 1947, plaintiffs received

notice from a duly authorized agent of defendants to vacate said premises as of June 1, 1947; that on June 17, 1947, defendants instituted an action for eviction and did cause plaintiffs to appear before Magistrate E. David Keiser, who awarded judgment for defendants and ordered plaintiffs to vacate said premises on or before September 15, 1947, for the sole occupancy of defendants; that pursuant to continued request and action of defendants, plaintiffs vacated said premises on or about September 30, 1947; that the representation made by defendants to the Office of Price Administration was false and fraudulent in that defendants did not require the apartment and in fact said defendants had no intention of occupying said premises despite representations to the contrary; that since the vacation of the said premises, defendants have not moved into said premises but have authorized a real estate agent to advertise said premises for sale "with the lure of immediate occupancy"; that defendants have secured another tenant for the apartment formerly occupied by plaintiffs for a rental approximately three times the rent paid by said plaintiffs; that plaintiffs have been unable to obtain suitable dwelling accommodations for themselves and their child and have of necessity been compelled to place their furniture in storage and live with relatives in one room; that plaintiffs are informed, believe and therefore aver that the actions of defendants constitute a fraud upon the rights of plaintiffs; that the acts of defendants are contrary to the rent control laws and regulations of the United States and the Rent Control Law of the City and County of Philadelphia. Plaintiffs aver that by reason of the said actions of defendants they have been compelled to expend the sum of $400 for the moving and storage of their said goods and furniture and that they have suffered extreme inconvenience, physical strain and grief due to the said actions of defendants, and will continue to so suffer in the future.

The preliminary objections, as filed by defendants, aver that the complaint is insufficient in law in that it fails to show any right to recovery based upon any law, statute or ordinance. It is the contention of defendant that plaintiff has no legal cause of action since the Emergency Price Control Act of January 30, 1942, c. 26, 56 Stat. 23, nowhere gives the tenant when evicted wrongfully, a right to damages and that if there is any remedy it is solely that of the Price Control Administrator. The purpose of the Emergency Price Control Act is to protect tenants in defense rental areas, not only against the exaction of excessive rents, but also against being forced, without good and sufficient reason by an owner, to move and seek quarters elsewhere: Emergency Price Control Act of 1942, sec. 1 et seq.; 50 U. S. C. appendix, sec. 901 et seq.

The pleading stated that the misrepresentation of defendants was that they desired to occupy the said premises. If that representation had been true, they were properly justified in getting possession and the certificate was properly issued by the Price Administrator. The Emergency Rent Act does not prevent an owner from occupying his own premises, providing such occupancy is made in good faith and not for the purpose of evading the act: Shaffer v. Bowes, 31 A.(2d) 690 (D. of C. 1943); Colwell v. Stonebraker, 31 A.(2d) 866 (D. of C. 1943). The question before us is, does the tenant possess a remedy to protect his right granted by the Emergency Control Act? Under the said act, the tenant has a right of possession to the premises occupied by him which he need not surrender until proper cause be shown for his eviction. A misrepresentation by the landlord is a fraud not only on the Emergency Rent Administration but also on the tenant. The latter is the one who suffers pecuniary damage. That damage is the natural and proximate result of the landlord's wrong. The fact

that the Rent Control Act protects the occupancy of the tenant does not limit his remedy to the provisions of the act itself. It merely gives him a legal right to possession. A legal right may be a claim which can be enforced by legal means against a person whose duty is to respect it: Cooley Bl. Com. 109, 113, note "A tort or wrong may be spoken of either as a breach or violation of a duty or an infringement of a right": 1 Jaggard, Torts 2. It seems to us that defendants are guilty of an infringement of plaintiffs' right to possession if they, by fraud and deceit, evaded the purposes of the act. It may be that a tenant under these circumstances may apply to the Price Administration to have the certificate revoked so that he may reënter the premises. But it cannot be said that he is restricted to that right. Where the right of the tenant to possession is affected by a false and fraudulent statement made to the Price Administration for the purpose of evading the provisions of the act, and the tenant is evicted and damaged thereby, the tenant has a cause of action for the damages that naturally and proximately flow from the said wrongful act. It seems to us that if a fraudulent statement is made by a landlord to a Price Administrator for the indirect purpose of injuring the tenant or for benefiting the landlord at the expense of the tenant, it is a malicious act which is in law and fact a wrong act, and therefore a wrongful act from which flows a cause of action at law if injury ensues from it: Bowen v. Hall, L. R. 6 Q. B. D. 333. All wrong may be considered as merely a privation of right and the plain natural remedy for every species of wrong is being put in that possession of right, whereof the party injured is deprived: Kamm, Inc., v. Flink, 113 N. J. L. 582. One of the methods of doing this, is by giving the person injured pecuniary satisfaction in damages. We believe that a tenant dispossessed as a result of a fraudulent act on the part of his landlord has a common-law right of

action. The nearest case upon the facts that we can find is that of Reid v. Brown, 24 N. J. Misc. 350, 49 A.(2d) 311 (1946). There a landlord in good faith obtained from the Office of Price Administration a certificate permitting him to dispossess a tenant because the daughter of the landlord needed the apartment occupied by the tenant. Thereafter the said daughter entered into an agreement with another tenant of the property whereby they exchanged apartments. The tenant who had been evicted brought a cause of action for damages based upon fraud and deceit. Fulop, J. (of the Second District Court of New Jersey) held (p. 352):

"The cause of action here asserted is not statutory, but based on common law principles.

"Plaintiff has furnished me with digests of two cases in trial courts in other jurisdictions which appear to be in point. They are *Preacher v. Carlson* in the Municipal Court of Los Angeles, California, decided September 6th, 1946, and *Gruszka v. Koshuba* in the Wisconsin Circuit Court, Milwaukee County Branch No. 7, March 20th, 1945. No case in this state on similar facts has been cited to me.

"However, no exact precedent is required, for the strength of the common law is the adaptability of the basic principles to new situations. See the erudite exposition of the fundamental law in this type of case by Mr. Justice Heher of the Court of Errors and Appeals in *Kamm v. Flink* (1943), 113 *N. J. L.* 583, 175 *Atl. Rep.* 62, 99 *A. L. R.*

"Depriving a party of a statutory right by fraud is no less a remediable injury than depriving him of the benefits of a contract.

"A cause of action in deceit can also be spelled out. Defendant made her representations to plaintiff as well as to the OPA."

In examining questions of good faith where a landlord has secured possession of a tenant's apartment

under the provisions of the Emergency Rent Act, all of the circumstances must be considered which will shed light on whether a proper case for possession has been established: Gould v. Butler, 31 A.(2nd) 867 (D. of C. 1943). This is a question for the jury.

### Order

And now, to wit, April 3, 1948, the preliminary objections to the complaint in trespass are dismissed.